IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 1:11-cv-00119 |
| v. | ) ) | **COMPLAINT** |
| SALEM ELECTRIC COMPANY, | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Rodney Tonkins, who was adversely affected by such practices. The U.S Equal Employment Opportunity Commission (the "Commission") alleges Defendant, Salem Electric Company, discriminated against Tonkins by discharging him because of his race, black.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the state of North Carolina and the city of Winston-Salem, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Rodney Tonkins filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about December 17, 2007, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). As more fully described below, Defendant discriminated against Rodney Tonkins by discharging him because of his race, black.

8. Defendant hired Mr. Tonkins, who had several years of experience in commercial electrical work prior to working for Defendant, as a Journeyman Electrician on or about October 16, 2006.

9. From on or about March 4, 2007 through the date of his termination on or about December 17, 2007, Tonkins was assigned to work on one of Defendant's renovation projects – the Petty Building - on the campus of the University of North Carolina at Greensboro.

10. On or about December 17, 2007, Defendant terminated Mr. Tonkins' employment claiming he was responsible for a crew of workers that allegedly improperly installed light fixtures on the first floor of the Petty Building project. The light fixtures were allegedly damaged.

11. Defendant's General Superintendent informed Mr. Tonkins that he was terminated because Mr. Tonkins was the "Foreman" or "unofficial supervisor" of the first floor of the Petty Building project where the light fixtures were damaged.

12. At the time of his discharge, Mr. Tonkins was a journeyman electrician and was not assigned to supervise any work crews. Mr. Tonkins was not a supervisor or foreman, and was not otherwise informed by Defendant that he was responsible for the crew that installed the light fixtures at issue.

13. Prior to his discharge, Mr. Tonkins had not been previously disciplined during his employment with Defendant.

14. Prior to his discharge, Mr. Tonkins performed the duties of his job at a level that met Defendant's legitimate expectations.

15. Defendant discharged Mr. Tonkins in connection with the improperly installed light fixtures, but did not discipline or discharge the non-black employees who installed the fixtures and were responsible for the alleged damage. Likewise, Defendant did not discipline or

discharge any of the non-black journeyman electricians who also worked at the Petty Building project.

16. Defendant did not discipline or discharge the Foreman or Superintendent, both of whom are non-black, and who were Mr. Tonkins' supervisors and in charge of the project at the time of the incident.

17. Defendant discharged Mr. Tonkins in connection with the improperly installed light fixtures, but did not discharge non-black employees who in the past, caused damage during the performance of their jobs for Defendant.

18. Mr. Tonkins heard the Foreman on the project refer to blacks as "nigger" on at least one occasion during his employment with Defendant.

19. The effect of the practices complained of above has been to deprive Rodney Tonkins of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, black.

20. The unlawful employment practices complained of above were intentional.

21. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Rodney Tonkins.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race.

4

B.　Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees regardless of their race, and which eradicate the effects of its past and present unlawful employment practices.

C.　Order Defendant to make whole Rodney Tonkins by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

D.　Order Defendant to make whole Rodney Tonkins by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.　Order Defendant to make whole Rodney Tonkins by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of civil rights, and humiliation, in amounts to be determined at trial.

F.　Order Defendant to pay Rodney Tonkins punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.　Grant such further relief as is necessary and proper in the public interest.

H.　Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

This 14th day of February, 2011.

        Respectfully submitted,

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        Equal Employment Opportunity Commission
        131 M Street, NW
        Washington, D.C. 20507


        LYNETTE A. BARNES
        Regional Attorney

        TINA BURNSIDE
        Supervisory Trial Attorney

        **/s/ Darryl L. Edwards**
        DARRYL L. EDWARDS (PA Bar ID #205906)
        Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Charlotte District Office
        129 West Trade Street, Suite 400
        Charlotte, NC 28202
        Telephone: (704) 954-6467
        Facsimile: (704) 954-6412
        E-mail: darryl.edwards@eeoc.gov

        **ATTORNEYS FOR PLAINTIFF**