IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| U.S EQUAL EMPLOYMENT | ) |
|---|---|
| OPPORTUNITY COMMISSION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:11-cv-00119 |
| | ) |
| SALEM ELECTRIC COMPANY | ) |
| | ) |
| Defendant. | ) |
| | ) |

FILED DEC 05 2011

The U.S. Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleges Defendant, Salem Electric Company ("Defendant"), discriminated against Rodney Tonkins by discharging him because of his race, black. Defendant denies the allegations brought by the Commission in the Complaint. Defendant enters this Consent Decree to settle disputed claims and its entry into this Consent Decree does not constitute an admission of liability, wrongdoing, or fault in the allegations brought.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of race within the meaning of Title VII of the Civil Rights Act of 1964.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII, including the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3. Defendant shall pay Rodney Tonkins the sum of forty thousand dollars ($40,000.00) for settlement of the claims raised in this action. Defendant shall issue two separate checks made payable to "Rodney Tonkins." Defendant shall make payment as follows: 1) one check for twenty-eight thousand four hundred eighty-six dollars ($28,486) representing compensatory damages, by issuing a check to Mr. Tonkins which shall be reported in an IRS form 1099 Miscellaneous Income Statement; and 2) a separate payroll check to Mr. Tonkins for eleven thousand five hundred fourteen dollars ($11,514.00) minus standard income withholdings consistent with the last W-4 form completed by Mr. Tonkins during his employment. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail such

check to Mr. Tonkins at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery. Neither the Commission nor Defendant make any representation, or assume responsibility for any tax liability, assessments, interest, penalties and/or costs that Mr. Tonkins may or may not incur on such payments under local, state, or federal law.

4. Within ten (10) days of the entry of this Decree by the Court, Defendant shall eliminate from the employment records of Rodney Tonkins any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 435-2008-00496, and the related events that occurred thereafter. Within fifteen (15) days of the entry of this Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Within fifteen (15) days of the entry of this Decree by the Court, the Defendant agrees to provide Rodney Tonkins with a positive letter of reference from Stephen Sink, Defendant's Vice President and Operations Manager. The letter shall include the dates of Mr. Tonkins' employment, the names of all positions Mr. Tonkins held, his final rate of pay, and shall state that his employment performance as a Journeyman Electrician was good and his separation was due to lay-off. A copy of the letter is attached hereto as Exhibit A.

6. Within fifteen (15) days of the entry of this Decree by the Court, Defendant agrees to change the personnel records of Rodney Tonkins to reflect that the reason for his separation of employment was "lay off."

7. Defendant has in place an Equal Employment Opportunity Policy that prohibits Defendant from making personnel actions, including discharge, on the basis of race. Defendant's policy is attached hereto as Exhibit B. Defendant shall maintain such policy throughout the term of this Decree. Further, within thirty (30) days of the entry of this Decree by the Court, Defendant shall redistribute its Equal Employment Opportunity Policy to each manager and supervisor. Within forty-five (45) days after the Consent Decree is entered, Defendant will notify the Commission of its compliance with this provision. Defendant shall also distribute its Equal Employment Opportunity Policy to each new employee in the orientation materials provided at the time of hiring.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant will post its Equal Employment Opportunity Policy in Defendant's workplace located at 3933 Westpoint Boulevard, Winston-Salem, NC 27114-6784. Defendant shall post the policy in a place where it is visible to all employees. Within forty-five (45) days after the Consent Decree is entered, Defendant will notify the Commission of its compliance with this provision. In the event the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.

9. During the term of this Decree, Defendant shall provide an annual training program to all of its managers and supervisors. Each training program shall include an

explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against discriminatory personnel actions, including discharge, on the basis of race. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 7, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy. The first training program shall be completed within one hundred (100) days after the Court enters this Decree. Each subsequent training program shall be conducted at approximately one-year intervals during the term of this Decree. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken, the date of the training, and a roster of all employees who attended.

10. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing for the duration of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C and hereby made a part of this Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission of its compliance with this provision.

11. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following:

the identities of all persons discharged for substandard work, including by way of identification, each person's name, race, position, address, telephone number, and the date and reason for discharge. Defendant will also provide the names and positions of all persons who participated in the decision to discharge. If the Commission is unable to locate any persons with the information provided, Defendant will provide the social security numbers of those persons. All social security numbers will be kept confidential by the Commission pursuant to the Privacy Act.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facility located at 3933 Westpoint Boulevard, Winston-Salem, NC 27114-6784, without notice for the posting provisions in paragraphs 8 and 10. If the Commission intends to interview employees and examine and copy documents, the Commission will provide forty-eight (48) hours notice to Stephen Sink, Vice President and Operations Manager of Defendant, via fax at (336)-765-7286.

13. If anytime during the term of this Decree, the Commission believes Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in

negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. The term of this Decree shall be two (2) years from its entry by the Court.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent to: (1) if by mail – Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202; or (2) if by email – EEOC-CTDO-decree-monitoring@eeoc.gov.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

**IT IS SO ORDERED.**

Signed:

_____
Senior United States District Judge

The parties jointly request that the Court approve and enter this Consent Decree.
This 5th day of December, 2011.

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff. | SALEM ELECTRIC COMPANY, Defendant. |
|---|---|
| P. DAVID LOPEZ<br>General Counsel<br><br>JAMES L. LEE<br>Deputy General Counsel<br><br>GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br><br>**/s/ Lynette A. Barnes**<br>LYNETTE A. BARNES (NC Bar #19732)<br>Regional Attorney<br><br>TINA BURNSIDE (WI Bar #1026965)<br>Supervisory Trial Attorney<br><br>**/s/ Darryl L. Edwards**<br>DARRYL L. EDWARDS (PA Bar ID # 205906)<br>Trial Attorney<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Direct Dial Telephone: (704) 954-6467<br>Facsimile: (704) 344-6780<br>Email: darryl.edwards@eeoc.gov<br><br>**ATTORNEYS FOR PLAINTIFF** | **/s/ D. Ross Hamilton**<br>D. Ross Hamilton<br>N.C. State Bar No. 21023<br>rhamilton@tuggleduggins.com<br>Martha R. Sacrinty<br>N.C. State Bar No. 32911<br>msacrinty@tuggleduggins.com<br><br>TUGGLE DUGGINS & MESCHAN, P.A.<br>Post Office Box 2888<br>Greensboro, NC 27402-2888<br>Phone: (336) 378-1431<br><br>**ATTORNEYS FOR DEFENDANT** |